UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTWRIGHT TERMITE & PEST CONTROL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 20-cv-1323-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for an Order Granting Plaintiff Leave to File a Third Amended Complaint. (ECF No. 19).

**I.   BACKGROUND**

On July 14, 2020, Plaintiff Cartwright Termite & Pest Control, Inc. filed a Complaint for refund of tax and penalties against Defendant United States of America ("United States"). (ECF No. 1). On November 4, 2020, Plaintiff filed a First Amended Complaint. (ECF No. 6). On November 10, 2020, Plaintiff filed a Second Amended Complaint ("SAC"). (ECF No. 8). On November 24, 2020, Defendant filed an Answer to the SAC. (ECF No. 9).

On March 2, 2021, Plaintiff filed a Motion for an Order Granting Plaintiff Leave to File a Third Amended Complaint. (ECF Nos. 19, 20). Plaintiff seeks leave to amend the

Complaint to add the Commissioner of Internal Revenue ("Commissioner") and the Chief of Appeals of the Internal Revenue Service ("Chief") as Defendants, to add factual allegations, and to add a request for injunctive relief in the form of an administrative hearing from the Commissioner and the Chief. Plaintiff contends that there is no delay or prejudice in allowing amendment because "Plaintiff is filing the motion within the time limits allowed by the Court's Scheduling Order." (ECF No. 20-1 at 2). Plaintiff contends that amendment would not be futile because "Plaintiff is seeking relief previously denied" by the Commissioner and the Chief. (*Id.*).

On March 22, 2021, the United States filed an Opposition to the Motion for an Order Granting Plaintiff Leave to File a Third Amended Complaint. (ECF No. 21). The United States contends that amendment would be futile. The United States contends that the IRS does not have authority to issue a refund, Plaintiff lacks standing, and Plaintiff is not entitled to the relief sought under the Administrative Procedure Act ("APA").

On March 29, 2021, Plaintiff filed a Reply. (ECF No. 22). Plaintiff contends that the statutes cited by the United States do not apply, and Plaintiff has a right to an administrative appeal. Plaintiff contends that he has standing and is entitled to relief under the APA.

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it

is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

### III. RULING OF THE COURT

In the Complaint, Plaintiff alleges that the United States wrongfully assessed tax penalties against Plaintiff. The proposed third amended complaint adds the Commissioner and the Chief as defendants. The proposed third amended complaint adds allegations that Plaintiff requested an administrative hearing, and the Commissioner and the Chief wrongfully denied and failed to hold any hearing. The proposed third amended complaint adds a request for injunctive relief "mandating Defendants [the Commissioner and the Chief] provide the Plaintiff with an Appeals Hearing for its penalty abatement rejection on the merits pursuant to 26 U.S.C.A Section 7803(e)." (ECF No. 19-2 at 7).

"[T]he sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); *see Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare."). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. The Court will defer consideration of the challenges to the merits of the proposed third amended complaint until after the amended pleading is filed. *See Netbula*, 212 F.R.D. at 539 ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *Hynix Semiconductor, Inc. v. Toshiba Corp.*, No. C-04-4708 VRW, 2006 U.S. Dist. LEXIS 82148, at *6 (N.D. Cal. Oct. 31, 2006) (Defendant's challenges to the merits of a proposed amended pleading "should be addressed in a motion to dismiss or for

summary judgment, not in an opposition to the present motion for leave to amend."). The United States has not made "a strong showing" that it would be prejudiced by the amendment or that the remaining *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis omitted).

IT IS HEREBY ORDERED that the Motion for an Order Granting Plaintiff Leave to File a Third Amended Complaint (ECF No. 19) is granted. Plaintiff shall file the proposed third amended complaint attached to the Motion (ECF No. 19-1) within five (5) days of the date of this Order.

DATED: April 8, 2021

Hon. William Q. Hayes
United States District Court